ERVIN, Acting Chief Justice
(dissenting) :
Time does not permit elaboration of a dissenting opinion in this election case argued today. I will confine my views to one specific point as hereinafter outlined. Section 1(e), Article VIII, 1968 Florida Constitution, F.S.A., provides:
“(e) Commissioners. Except when otherwise provided by county charter, the governing body of each county shall be a board of county commissioners composed of five members serving staggered terms of four years. After each decennial census the board of county commissioners shall divide the county into districts of contiguous territory as nearly equal in population as practicable. One commissioner residing in each district shall be elected by the electors of the county.”
Properly construed, the first language in this section, reading, “except when otherwise provided by county charter,” does not give the framers of county charters a completely free hand to provide any kind of local governing body, at least to the extent of ignoring the specific requirements of the last two sentences of the section relating to the composition, residence and election of such governing body. It is implicit throughout the section that there can be no unrestrained “free-wheeling” in creating the county governing body, but that there must be districts “of contiguous territory as nearly equal in population as practicable” in the county, with a member of the governing body residing in each district who is elected hy all the electors of the • county. The constitutional provision does not allow a county charter to create a “ward system” or permit the Governor to appoint the governing body. Instead, a governing body of elected officials very similar in nature to a board of county commissioners is mandated. The exception language in the first sentence only modifies that sentence. It should not be read to contradict or modify the two remaining essential sentences of the section, otherwise there would have been no reason for their inclusion. The county charter under the exception can vary the normal standard therein of a “board of county commissioners composed of five members serving staggered terms of four years” only to the extent such variation does not conflict with the limitations of the last two sentences of the section.